[No. 7625.   Decided November 13, 1908.]

MIKE POPIELLA, *Respondent*, v. THOMAS ZOLAWENSKI *et al.*, *Appellants*.[1]

MECHANICS' LIENS—PERSONS ENTITLED — FURNISHING MATERIAL. The plaintiff is entitled to a lien for lumber furnished in the construction of defendant's house, where it appears that he worked in a mill and boarded with the defendants and agreed that lumber from the mill should be furnished to the defendants for use in building the house and the purchase price charged against his account for wages at the mill; and the fact that he handed defendants $60 to be applied in the same way on lumber bills would not constitute the transaction a loan, where it appears that it was his purpose to buy the lumber as his own material by using his wages and cash, and only handed the $60 to the defendants because of his inability to speak English and make himself understood at the mill office.

Appeal from a judgment of the superior court for Chehalis county, Clifford, J., entered January 20, 1908, upon findings

[1]Reported in 97 Pac. 972.

in favor of the plaintiff, after a trial on the merits, in an
action to foreclose a mechanics' lien.    Affirmed.

*Austin M. Wade*, for appellants.

*John C. Hogan*, for respondent.

PER CURIAM.—This is an action to foreclose a material-
man's lien.    The defendants are husband and wife, and they
built a house in Aberdeen.    The plaintiff claims to have
furnished lumber for use in the house, and having filed his
lien notice, he brought this suit to foreclose, and obtained a
decree of foreclosure for the sum of $129.58, together with
$25 for attorney's fees, and costs.    From the judgment the
defendants have appealed.

The evidence shows that the parties were all Polish people.
Respondent was about twenty-two years old, had been in this
country about a year and a half when the transaction concern-
ing the lumber occurred, and he had lived in Aberdeen about
nine months.    He boarded at the house of the appellants, and
worked at the lumber mill of Wilson Brothers & Company.
It was agreed between him and the appellants that lumber
from said mill should be furnished to the appellants for use
in building their house, and that the purchase price thereof
should be charged to respondent on his account for wages at
the mill.    This course was pursued, and lumber was so
furnished.  Sixty dollars in cash was also handed by respondent
to appellants and the latter took it to the mill and applied it
upon payment for lumber.    It sufficiently appears from the evi-
dence, however, that the reason for handing the money to ap-
pellants was that respondent could not speak English so as to
be well understood at the mill office.    We think it satisfactorily
appears that it was respondent's purpose to buy the lumber as
his own material by using his wages and the cash, and then
to furnish it to appellants for their house.    Appellants con-
tend that the transaction was a loan, and that the lien cannot
be enforced.    A paper writing in the Polish language was

introduced in evidence, which appellants claim is a promissory note given for the loan. Translated into English, it is unintelligible as a promissory note, and we think the court's conclusion that the respondent is entitled to a lien is sustained by the record.

The judgment is affirmed.

FULLERTON and ROOT, JJ., took no part.